IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ECOVACS ROBOTICS CO., LTD. § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> BEIJING ROBOROCK TECHNOLOGY § <br> CO., LTD. AND SHALLWIN § <br> TECHNOLOGY (HK) LIMITED, § <br> § <br> Defendants. § § | Civil Action No. 2:25-cv-900 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Ecovacs Robotics Co., Ltd. ("Ecovacs" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Beijing Roborock Technology Co., Ltd. ("Roborock Technology") and Shallwin Technology (HK) Limited ("Shallwin") (collectively, "Roborock" or "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This action relates to Roborock's manufacture, marketing, promotion, use, importation, offers for sale, and sales of robotic vacuums, including at least the Roborock S8 MaxV Ultra, and all reasonably similar products (collectively, the "Accused Products"), that infringe Ecovacs' United States Patent No. 11,850,753 ("the '753 patent").

**PARTIES**

2. Ecovacs is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at No. 518 Songwei Road, Wusong River Industrial Park, Guoxiang Street, Wuzhong District, Suzhou, China.

3. Ecovacs was founded in Suzhou in 1998 after inventing its first vacuum. Since then, Ecovacs has generated hundreds of patents for electronic home devices and sold millions of products worldwide, becoming a leader in home technology innovation—especially in the field of robotic home cleaning devices.

4. Ecovacs started developing robotic vacuums in 2000 and launched its first floor-cleaning robot, the DEEBOT 5 series, in 2007. Ecovacs followed its DEEBOT 5 breakthrough in the floor cleaning space with other home cleaning robots such as window cleaning and humidifier robots while also continuing to improve its floor-cleaning models with advanced features and technology.

5. For example, in 2013, Ecovacs launched its first floor-cleaning robot with laser mapping and smartphone control, the DEEBOT 9 series. As another example, in 2015, Ecovacs introduced the DEEBOT M8 series, the first robotic vacuum cleaner with simultaneous floor-mopping and vacuuming capabilities that allowed for a more comprehensive and efficient cleaning experience.

6. Not only are Ecovacs' products the "first" of their kind with advanced features, but they also deliver exceptional design quality and consumer satisfaction. Ecovacs' technology has proven to be held in high regard time and time again. Since its founding in 1998, Ecovacs has won over 80 Chinese and international product design awards—including winning the 2023-2024 IDG Global to Brands "Home Cleaning Product Innovation Gold Award" for its revolutionary whole-house vacuum cleaner, the DEEBOT X2 COMBO, at CES 2024.

7. On information and belief, Roborock Technology is a corporation organized under the laws of the People's Republic of China, having a principal place of business at Building 3, Yard 17, Anju Road, Changping District, Beijing, China.

8. On information and belief, Shallwin is a corporation organized under the laws of Hong Kong, having a principal place of business at Room 1303, 13/F, Tai Sang Bank Building, 130-132 Des Voeux Road Central, Central, Hong Kong.  On information and belief, Shallwin is a wholly-owned subsidiary of Roborock (HK) Limited, which is a wholly-owned subsidiary of Roborock Technology.

## JURISDICTION AND VENUE

9. Ecovacs realleges, and incorporates in full herein, each preceding paragraph.

10. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et. seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Roborock Technology pursuant to due process and the Texas Long Arm Statute because (i) Roborock Technology has done and continues to do business in Texas and (ii) Roborock Technology has, directly itself and through intermediaries, distributors, agents, its subsidiaries, or others, committed and continues to commit acts of patent infringement in this District, the state of Texas, and elsewhere in the United States, including using, offering to sell, or selling Accused Products, or inducing others to infringe, in this District, the state of Texas, and elsewhere in the United States.  Roborock Technology has placed, and is continuing to place, infringing products into the stream of commerce, and has induced infringement, in this District, the state of Texas, and elsewhere in the United States.

12. On information and belief, Roborock Technology designs, manufactures, and markets the Accused Products, including the S8 MaxV Ultra, to be used by and sold to customers in the United States (including in Texas and this District).

13. The Accused Products are offered for sale and, on information and belief, sold in this District through prominent retailers that have a substantial presence in this District.

14. For example, the Accused Products are available for purchase at a Best Buy location at 5514 S Broadway Ave, Tyler, TX 75703.



*S8 MaxV Ultra Product Listing,* BEST BUY WEBSITE, available at: https://www.bestbuy.com/site/roborock-s8-maxv-ultra-robot-vacuum-and-mop-with-flexiarm-design-side-brush-10000-pa-suction-and-8-in-1-rockdock-ultra-white/6579466.p?skuId=6579466 (last accessed August 2025).

15. As another example, the Accused Products are available for purchase at a Lowes location at 910 East End Blvd. North, Marshall, TX 75670.



*S8 MaxV Ultra Product Listing*, LOWES WEBSITE, available at https://www.lowes.com/pd/Roborock-Auto-Charging-Pet-Robotic-Vacuum-and-Mop-Self-Emptying/5015549791?idProductFound=false&idExtracted=false (last accessed August 2025).

16. On information and belief, Roborock Technology operates the websites https://support.roborock.com/hc/en-us and https://us.roborock.com.

17. The support.roborock.com/hc/en-us website lists additional U.S. storefronts and websites through which American consumers (including in Texas and this District) can purchase Roborock products, including the Accused Products.



*Roborock Contact Support*, ROBOROCK WEBSITE, available at https://support.roborock.com/hc/en-us (last accessed August 2025).

      18.     Further, the us.roborock.com website offers a "US Official Store" where United States consumers (including in Texas and this District) can purchase Roborock products, including the Accused Products.



*Roborock US Official Store*, Roborock US Website, available at https://us.roborock.com/products/roborock-s8-maxv-ultra (last accessed August 2025).

19. Roborock Technology's online US Official Store is interactive and allows purchasers to view, order, and buy its products in Texas and this District, as well as to ship its products to locations within Texas and this District. For example, and as shown above, the store includes a "Buy Now" choice that a purchaser can select to place products into his or her cart. The purchaser can then check out, make online payment for the purchased products, and provide shipping information for delivery of the purchased products to locations within Texas and this District.



Roborock US Official Store, ROBOROCK US WEBSITE, available at https://us.roborock.com/checkouts/cn/hWN2IOAdR0a4upNU2ABNgK1p/information?auto_redirect=false&edge_redirect=true&locale=en-US&skip_shop_pay=true (last accessed August 2025).

20. Accordingly, Roborock Technology is subject to the personal jurisdiction of this Court, due to, among other things, Roborock Technology's purposeful, continuous, and systematic contacts with Texas and with this District via its sales and offers for sale of the infringing Accused

Products to customers and Roborock Technology's inducement of infringement by customers within this District.

21. On information and belief, Roborock Technology, directly and through subsidiaries or intermediaries (including Shallwin), has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that those products will be purchased and used by customers or consumers in this District, including the S8 MaxV Ultra and other Accused Products.  On information and belief, Roborock Technology customers in Texas and this District have purchased and used infringing products including the S8 MaxV Ultra and other Accused Products.  Roborock Technology therefore has committed acts of infringement within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Roborock Technology would not offend traditional notions of fair play and substantial justice.

22. On information and belief, Shallwin is a wholly-owned subsidiary of Roborock (HK) Limited, which is a wholly-owned subsidiary of Roborock Technology.  This Court has personal jurisdiction over Shallwin pursuant to due process and the Texas Long Arm Statute because (i) Shallwin has done and continues to do business in Texas and (ii) Shallwin has, directly itself and through intermediaries, distributors, agents, its parent corporations, or others, committed and continues to commit acts of patent infringement in this District, the state of Texas, and elsewhere in the United States, including offering to sell, or selling Accused Products, or inducing others to infringe,  in this District, the state of Texas, and elsewhere in the United States.  Shallwin has placed, and is continuing to place, infringing products into the stream of commerce and has induced infringement, in this District, the state of Texas, and elsewhere in the United States.

23. Shallwin is listed as the "Seller" of infringing Roborock products on Amazon's website, where United States consumers (including in Texas and this District) can purchase Roborock products, including the Accused Products.



*Roborock Technology Co., Ltd. Amazon "Seller" Site*, AMAZON, available at https://www.amazon.com/sp?ie=UTF8&seller=A2NZXCP1D8DIIH&asin=B0CQLPNB2X&ref_=dp_merchant_link&isAmazonFulfilled=1 (last accessed August 2025).

24. Among other Roborock products, the Roborock S8 MaxV Ultra is available for sale from Shallwin on Amazon's website:



10

*Roborock S8 MaxV Ultra*, AMAZON, available at https://www.amazon.com/roborock-S8-MaxV-Ultra-Self-Drying/dp/B0CQLPNB2X/ (last accessed August 2025).

25. Amazon's website is interactive and allows purchasers to view, order, and buy Roborock products in Texas and this District, as well as to ship those products to locations within Texas and this District. Upon information and belief, as the listed "Seller" of infringing Roborock products on Amazon's website, Shallwin advertises, promotes, and makes those products available through Amazon knowing and intending that the products are and will be offered for sale and sold in Texas and this District, as well as shipped to locations within Texas and this District.

26. Accordingly, Shallwin is subject to the personal jurisdiction of this Court, due to, among other things, Shallwin's purposeful, continuous, and systematic contacts with Texas and with this District via its sales and offers for sale of the infringing Accused Products to customers and Shallwin's inducement of infringement by customers within this District.

27. Roborock Technology and Shallwin, either standing alone or in concert with one another, are subject to the personal jurisdiction of this Court, in which venue is proper. Roborock has committed and continues to commit acts of patent infringement within Texas and this District giving rise to this action, and Roborock has sufficient contacts with this forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

28. Venue is proper for Roborock in this District pursuant to at least 28 U.S.C. § 1391(c). Roborock Technology and Shallwin are foreign entities and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

**THE PATENT-IN-SUIT**

29. Ecovacs realleges, and incorporates in full herein, each preceding paragraph.

30. The '753 patent, titled "Robot Control Method, Robot and Storage Medium," was duly and properly issued by the United States Patent and Trademark Office on December 26, 2023. A copy of the '753 patent is attached hereto as Exhibit A.

31. Ecovacs is the assignee of all right, title, and interest in the '753 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '753 patent. Accordingly, Ecovacs possesses the exclusive right and has standing to prosecute the present action for Roborock's infringement of the '753 patent.

32. The invention of the '753 patent uses artificial intelligence to solve a technical problem of pre-existing robot control technology.

33. As the '753 patent explains, robots could autonomously navigate using already-existing systems, such as simultaneous localization and mapping (SLAM) technology. The '753 patent also explains that users could manipulate robots during SLAM or similar processes—i.e., moving the robot from one location to another—and that those manipulations can cause errors when the robot attempts to re-locate itself:

> In the existing robot technology, autonomous localization and navigation of the robot may be realized by means of simultaneous localization and mapping (SLAM). However, in the process of SLAM, the robot may be hijacked sometimes. For example, the robot is moved, suspended or dragged by a wide range. When the robot returns back to the ground, uncontrollable drift errors will occur in the localization, and the robot needs to be relocated.

'753 patent at 1:17-24.

34. The '753 patent further explains that in pre-existing robot control methods, the robot could not act according to local conditions and generally would travel back to the location from which it had been hijacked to continue the task it had been previously executing:

> After relocalization, the robot will generally return back to the position being hijacked to continue to execute the previous task. This method is relatively simple, but cannot act according to local conditions and may not meet user requirements.

'753 patent at 1:25-29.

35.     The '753 patent provides a solution to the problem of robots being unable to react to the local conditions of where the robot is released after a user hijacks and releases the robot. For example, upon being released after a user hijacks the robot, the robot determines a task execution area according to environmental information and executes a task within the task execution area. *See, e.g.,* '753 patent at 3:3-18:

> With regard to the technical problem that the user requirements cannot be met since a method for an existing robot to continue to execute a task cannot act according to local conditions after the existing robot is relocated, the embodiment of the present disclosure provides a solution with the basic idea as follows: a robot determines a position of the robot when the robot is released from being hijacked based on relocalization operation; determines a task execution area according to environmental information around the position of the robot when the robot is released from being hijacked; and afterwards executes a task within the task execution area. Thus, the robot may flexibly determine the task execution area according to the environment in which the robot is released from being hijacked, then acting according to local conditions is realized and the user requirements may be met as much as possible.

36.     The invention of the '753 patent further provides that if the position when the robot is released from being hijacked and the position when the robot is hijacked belong to different environmental areas, the task execution area is determined at the position when the robot is released from being hijacked.

## COUNT I: INFRINGEMENT OF THE '753 PATENT

37.     Ecovacs realleges, and incorporates in full herein, each preceding paragraph.

38.     Without a license or permission from Ecovacs, Roborock has infringed and is continuing to infringe one or more claims of the '753 patent, directly or indirectly, by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

39.     Roborock enables and induces its customers in the United States to infringe one or more claims of the '753 patent by, for example, providing documentation, support services, and marketing materials to its United States customers which direct its customers to directly infringe one or more claims of the '753 patent. *See, e.g., S8 MaxV Ultra Robotic Vacuum Cleaner User*

*Manual*, ROBOROCK WEBSITE, available at https://support.roborock.com/hc/en-us/article_attachments/34928674877081 (last accessed August 2025); *Roborock Support Page*, ROBOROCK WEBSITE, available at https://support.roborock.com/hc/en-us (last accessed August 2025); *Roborock S8 MaxV Ultra*, ROBOROCK US WEBSITE, available at https://us.roborock.com/pages/roborock-s8-maxv-ultra (last accessed August 2025); *Intelligent Robot Vacuums*, ROBOROCK US WEBSITE, available at https://us.roborock.com/pages/robot-vacuum-cleaner (last accessed August 2025).

40. Roborock aids, instructs, supports, markets, and otherwise acts with specific intent to cause an end user located in the United States (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '753 patent. Further, Roborock designs and manufactures the Accused Products with the specific intent for United States customers (including in Texas and this District) to use the Accused Products in a manner that infringes one or more claims of the '753 patent. Roborock has had knowledge of the '753 patent at least since the filing of this Complaint.

41. On information and belief, the S8 MaxV Ultra product is designed and manufactured for the United States market.

42. On information and belief, a user of the Accused Products, including at least the S8 MaxV Ultra, performs all the steps of, for example, claim 16 of the '753 patent.

43. The S8 MaxV Ultra contains artificial intelligence and other internal control methods that allow the robot to navigate and clean a home.



*Roborock S8 MaxV Ultra*, ROBOROCK US WEBSITE, available at https://us.roborock.com/pages/roborock-s8-maxv-ultra (last accessed August 2025).



*Intelligent Robot Vacuums*, ROBOROCK US WEBSITE, available at https://us.roborock.com/pages/robot-vacuum-cleaner (last accessed August 2025).

44. The S8 MaxV Ultra uses artificial intelligence and/or other internal control methods such that when a user moves the S8 MaxV Ultra from one room to another room, the S8 MaxV Ultra analyzes surrounding environmental information where it is released.

45. When the release position is in a different room than the hijack position, the S8 MaxV Ultra will clean the room in which it was released.

46. Thus, the S8 MaxV Ultra performs the method steps of at least claim 16 of the '753 patent.

47. Roborock sells and offers for sale the Accused Products in the United States with the knowledge and intent that its customers will use those products, including to perform the claimed methods of the '753 patent such as claim 16. By selling and offering for sale the Accused Products in the United States, Roborock induces infringement of the '753 patent by at least its customers, which directly infringe at least claim 16 of the '753 patent when using the Accused Products in the United States.

48. Roborock is liable for induced infringement under 35 U.S.C. § 271(b) by intentionally taking action that has actually induced and continues to induce direct infringement of one or more claims of the '753 patent by others (such as its customers and consumers) using the Accused Products in this District, the state of Texas, and elsewhere in the United States.

49. Roborock has directly or indirectly infringed at least claim 16 of the '753 patent in the United States, by at least importing, using, selling, or offering for sale the Accused Products.

50. Roborock's infringement of the '753 patent has caused and continues to cause damages and irreparable harm to Ecovacs, which has invested significantly in developing its market-leading robotic vacuums.

**PRAYER FOR RELIEF**

WHEREFORE, Ecovacs respectfully prays that the Court enter judgment in its favor and award the following relief against Roborock:

1. Enter a judgment in favor of Ecovacs that Roborock has infringed the '753 patent;

2. Preliminarily and permanently enjoin Roborock, and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the '753 patent;

3. Award Ecovacs damages adequate to compensate for infringement by Roborock, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of its infringement of the '753 patent;

4. Award Ecovacs pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

5. Find this to be an exceptional case and award Ecovacs its costs and attorneys' fees under 35 U.S.C. § 285;

6. Award and grant Ecovacs such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Ecovacs demands a jury trial on all matters triable by a jury.

Dated: August 27, 2025                                Respectfully submitted,


                                               */s/ Keith B. Davis*

Keith B. Davis (State Bar No. 24037895)
JONES DAY
2727 N. Harwood St., Suite 500
Dallas, TX 75201
Telephone:  (214) 220-3939
Email:  kbdavis@jonesday.com

David M. Maiorana (Ohio Bar No. 71440)
*Lead Counsel for Ecovacs Robotics Co., Ltd.*
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone:  (216) 586-3939
Email:  dmaiorana@jonesday.com

Marc S. Blackman (Illinois Bar No. 6236719)
Matthew J. Hertko (Illinois Bar No. 6286398)
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Email:  msblackman@jonesday.com
          mhertko@jonesday.com


*Counsel For Plaintiff
Ecovacs Robotics Co., Ltd.*